IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAFAEL CALIXTRO-CALIXTRO, § | § | CIVIL ACTION NO. 1:17-cv-00394 |
| On behalf of himself and a class of those | § | |
| similarly situated, | § | |
| Plaintiff, | § | |
| | § | COLLECTIVE ACTION |
| v. | § | |
| | § | |
| JOHN DAVID HODGES d/b/a | § | |
| BARON'S CREEK FARMS | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff RAFAEL CALIXTRO CALIXTRO (Hereinafter "Calixtro") against his former employer, Defendant JOHN DAVID HODGES ("Hodges") for unpaid minimum wages and overtime under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*., and breach of contract. Defendant sponsored Plaintiff's admission to the United States in 2015 on an H-2A guestworker visa. Defendant contractually agreed to abide by the H-2A program's regulations, applicable state and federal employment laws, and to pay the Adverse Effect Wage Rate ("AEWR"), a special wage for H-2A workers set by the US Department of Labor. Defendant violated the FLSA when he failed to pay Plaintiff the minimum wage and overtime and breached the employment contract when he failed to follow the program's regulations that were a material term of the contract, including by paying less than the AEWR. Plaintiff now seeks relief. Plaintiff also brings this as a collective action under the FLSA on behalf of a class of an estimated 20 or more similarly situated

farmworkers formerly and currently employed by the Defendant (the "Class" or "Class Members").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

2. The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 201 *et seq*.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state law because these claims are so related to the federal claims that they form part of the same case and controversy.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## THE PARTIES

6. Plaintiff RAFAEL CALIXTRO-CALIXTRO is an individual residing in Guanajuato, Mexico.

7. Defendant JOHN DAVID HODGES, d/b/a Baron's Creek Farms, is an individual and sole proprietorship who may be served with process at his principal place of business, 141 Hodges Rd., Fredericksburg, Texas 78624.

8. At all times relevant to this action, Defendant owned and operated a farm and produce packing shed, called Baron's Creek Farms, located at 141 Hodges Rd., Fredericksburg, TX.

# FACTS

9. In each year since at least 2012, Defendant has applied to the United States Department of Labor ("DOL") for temporary employment certification to import nonimmigrant agricultural workers ("H-2A workers") from Mexico to the U.S. to plant, grow, harvest, sort, grade, and pack vegetables at Baron's Creek Farms in Fredericksburg, Texas.

10. In their applications, Defendant agreed to follow all applicable laws and regulations, including: the H-2A program regulations, 8 U.S.C. § 1188, 29 C.F.R. Part 501, 20 C.F.R. §§ 655.100-655.185; the record keeping, minimum wage, and maximum hours provisions of the FLSA; and other applicable standards. 20 C.F.R. § 655.122(d).

11. Defendant also agreed in their applications for temporary employment certification, to pay workers at least the Adverse Effect Wage Rate ("AEWR").

12. Defendant also agreed in their application for temporary employment certification for the 2015 work season to pay Plaintiff and all similarly-situated workers at least $10.86 per hour.

13. Defendant further agreed in their applications for temporary employment certification to reimburse each H-2A worker's travel costs from their home to the worksite at the 50% point of the work contract.

14. Defendant recruited Plaintiff and other H-2A workers in Mexico to work for Baron's Creek Farms in Fredericksburg, Gillespie County, Texas, on the terms and conditions Defendant promised in the job order.

15. Based upon the terms and conditions promised in Defendant's job order, Plaintiff and other similarly situated workers employed by Defendant accepted Defendant's offer of

employment and traveled from their various towns in Mexico over a thousand miles to Fredericksburg, Texas to work for Defendant.

16. While traveling from their various towns in Mexico to Fredericksburg, Texas, Plaintiff and other similarly-situated workers incurred transportation expenses, including the costs of meals, bus tickets, border crossing fees, hotel expenses, and other fees.

17. Plaintiff began working at Baron's Creek Farms on or about April 27, 2015, and worked for Defendant at that location until on or about August 29, 2015.

18. Plaintiff and similarly situated workers performed work at Baron's Creek Farms, including harvesting, grading, and packing squash from Baron's Creek and other farms.

19. In each workweek in which they were employed by Defendant, Plaintiff and other similarly situated workers performed work for Defendant in excess of forty hours.

20. In each workweek in which they were employed by Defendant, Plaintiff and other similarly situated workers performed, on average, between 60 and 70 hours of work each week.

21. For each workweek in 2015 in which Defendant employed Plaintiff and similarly situated workers, Defendant paid the workers a flat salary of $400 per week regardless of the number of hours they worked.

22. On information and belief, for each workweek in 2014 in which Defendant employed H-2A workers and similarly situated workers, Defendant paid those workers a flat salary regardless of the number of hours they worked.

23. On information and belief, for each workweek in 2016 in which Defendant employed H-2A workers and similarly situated workers, Defendant paid those workers a flat salary regardless of the number of hours they worked.

24. On information and belief, for each workweek in 2017 in which Defendant employed H-2A workers and similarly situated workers, Defendant paid those workers a flat salary regardless of the number of hours they worked.

25. For each workweek in which Defendant employed Plaintiff and other similarly situated workers, Defendant failed to pay one-and-one-half times the regular hourly rate for all hours the workers worked in excess of forty that workweek.

26. For each workweek in which Defendant employed Plaintiff and other similarly situated workers, Defendant failed to pay the federal minimum wage of $7.25 per hour.

27. In 2015, Defendant failed to pay Plaintiff and similarly situated workers the wage rate promised in the job order of $10.86 per hour.

28. On information and belief, in 2014, Defendant failed to pay Plaintiff and similarly situated workers the AEWR of $10.86 per hour.

29. On information and belief, in 2016, Defendant failed to pay Plaintiff and similarly situated workers the AEWR of $11.15 per hour.

30. On information and belief, in 2017, Defendant failed to pay Plaintiff and similarly situated workers the AEWR of $11.59 per hour.

31. On information and belief, Defendant failed to pay H-2A workers and other similarly situated workers the AEWR during any workweek between 2014 and 2017.

32. On information and belief, Defendant failed to pay H-2A workers and other similarly situated workers the wage rate promised in the job order during any workweek between 2014 and 2017.

33. On information and belief, at all times relevant to this action, Defendant failed to maintain complete and accurate records of the hours of work and compensation for Plaintiff and all similarly-situated workers.

34. Defendant failed to reimburse Plaintiff and similarly situated workers for any of their travel expenses from their homes to the worksite in Fredericksburg.

35. Defendant's promise to pay Plaintiff and other similarly situated workers the AEWR and reimburse the workers' travel expenses were material terms of their employment contracts.

36. Defendant's promise to comply with the FLSA was a material term of the employment contract between Defendant and Plaintiff and similarly-situated workers.

37. Plaintiff and other similarly-situated workers employed by Defendant suffered harm as a result of the Defendant's breach of their work contracts.

38. Plaintiff and other similarly situated workers have either performed all conditions precedent or all conditions precedent have occurred.

39. During all relevant times, Plaintiff and similarly situated workers were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning if 29 U.S.C. § 203.

40. Defendant has, at all times relevant to this action, employed farmworkers who performed farmwork-related duties, including, but not limited to growing, tending to, harvesting, and packing vegetables from Baron's Creek and other farms. As such, Defendant's vegetable growing and packing operations are, and have been for all times relevant to this action, an

enterprise that has, at any given time, employed more than two (2) employees who handle and work with goods that have been moved in or produced for commerce.

41. On information and belief, Defendant's vegetable growing and packing business is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

42. Throughout his employment with Defendant, Plaintiff, as well as his co-workers and collective action members, handled goods or materials that had been moved in or produced for commerce, including, but not limited to, vegetables and tools used for harvesting and packing vegetables.

43. Defendant JOHN HODGES was an "employer" of Plaintiff and similarly situated workers as that term is defined in 29 U.S.C. § 203(d) from the beginning of Plaintiff's and the other workers' employment at Baron's Creek Farms.

44. For the entirety of Plaintiff's and each similarly situated worker's employment at Baron's Creek, as a matter of economic reality, Defendant JOHN HODGES employed Plaintiff and other workers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). From the beginning of Plaintiff's and other workers' employment at Baron's Creek until the workers' employment ceased (for Plaintiff, in or around September of 2015), Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and other workers. Facts demonstrating that Defendant was the employer of Plaintiff and other similarly situated workers include, but are not limited to, the following:

    a. Defendant hired Plaintiff and other similarly-situated workers and possessed the authority to hire and fire Plaintiff and other similarly-situated workers.

b.  Plaintiff and other similarly-situated workers received work instructions from Defendant.

c.  Plaintiff and other similarly-situated workers were economically dependent on Defendant for the terms and conditions of their employment.

d.  Defendant possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff and other similarly-situated workers, including scheduling, timekeeping, payroll, job duties, and disciplinary practices.

e.  Defendant set the rate and method of pay for Plaintiff and other similarly-situated workers.

45. At all times relevant to this action, Defendant failed to maintain complete and accurate records of Plaintiff's and other similarly-situated workers' hours of work and compensation as required by the FLSA, 29 U.S.C. § 215(a)(5).

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings his claims for relief (FLSA minimum wage and overtime compensation) individually, and as a collective action on behalf of all farmworkers who have performed work for the Defendant in and around Fredericksburg, Texas at any time within three years prior to the filing of this Complaint (the collective action "Class" or "Class Members").

47. Plaintiff and the Class are similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to the Defendant's common practice, policy, or plan of unlawfully failing to pay the FLSA minimum wage and overtime compensation at one and one half the regular rates of pay for all hours worked in excess of 40 during one or more work weeks in violation of the FLSA. This policy or practice is or was applicable to Plaintiff and the Class Members. Application of this policy or practice does not

depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wage and overtime to Plaintiff applied to all Class Members.

**FIRST CLAIM FOR RELIEF – FLSA**

48. Plaintiff re-incorporates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

49. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

50. At all relevant times, Plaintiff and Class Members were Defendant's "employees" within the meaning of 29 U.S.C. §203(e)(1).

51. Defendant violated the rights of Plaintiff and other similarly situated workers under the FLSA by failing to pay them one-and-a-half times the regular hourly rate for all work performed in excess of 40 hours in one workweek as required by 29 U.S.C. § 207, for which they are entitled to relief. 29 U.S.C. § 216(b).

52. Defendant violated the rights of Plaintiff and other similarly situated workers under the FLSA by failing to pay them the federal minimum wage in each workweek as required by 29 U.S.C. § 206, for which they are entitled to relief. 29 U.S.C. § 216(b).

53. Plaintiff has consented to the filing of this action for violations of the FLSA and attaches hereto his consent to sue. *See* Exhibit A.

**CONTRACT**

54. Plaintiff re-incorporates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

55. A valid employment contract existed between Plaintiff and Defendant.

56. Plaintiff performed his duties under the employment contract.

57. Defendant materially breached the employment contract.

58. Plaintiff was damaged by Defendant's material breach of the employment contract.

59. Defendant breached the contract when it failed to pay the AEWR.

60. Defendant breached the contract when it failed to reimburse Plaintiff for his travel expenses from his home in Mexico to Fredericksburg.

61. Defendant's breach of the contract was material, for which Plaintiff is entitled to relief.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Designate this action as a collective action on behalf of the Class, and order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Class apprising them of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designate Plaintiff as Representative of the Class;

C. Declare that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D. Award Plaintiff (and all who may join this suit) their unpaid minimum wages and an equal amount of liquidated damages;

E. Award Plaintiff (and all who may join this suit) their unpaid overtime compensation and an equal amount of liquidated damages;

F. Award Plaintiff damages for Defendant's breach of contract;

G. Award Plaintiff (and all who may join this suit) reasonable attorney's fees, expert witness fees, and costs of court pursuant to 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West);

H. Award Plaintiff (and all who may join this suit) post-judgment interest, as provided by law; and

I. Award Plaintiff (and all who may join this suit) such other and further relief as is just and proper.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID

*/s/ David Mauch*
David Mauch
Texas Bar No. 24086837
Email: dmauch@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1111 North Main Ave.
San Antonio, Texas 78212
Tel (210) 212-3716
Fax (210) 212-3772
ATTORNEY IN CHARGE FOR PLAINTIFFS

*/s/ William J. Grigg*
William J. Grigg
Texas Bar No. 24097769
Email: wgrigg@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1111 North Main Ave.
San Antonio, Texas 78212
Tel (210) 212-3700
Fax (210) 212-3772
ATTORNEY FOR PLAINTIFFS

*/s/ Nathaniel Norton*
Nathaniel Norton
Texas Bar No. 24037196
Email: nnorton@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
301 S. Texas Blvd.
Mercedes, Texas 78570
Tel (956)447-4800
Fax (210) 212-3772
ATTORNEY FOR PLAINTIFFS

**ATTORNEYS FOR PLAINTIFFS**